(38 Misc. Rep. 776.)

### ARSENE et al. v. LA FERMINA.

(Supreme Court, Appellate Term. June, 1902.)

1. CONVERSION OF GOODS—PLAINTIFF'S OWNERSHIP—SUFFICIENCY OF EVIDENCE.

　　Evidence in an action by one furnishing flour to a macaroni manufac-turer, for the alleged conversion by a third person, to whom the manu-facturing business was transferred, of macaroni belonging to plaintiff, considered, and *held* insufficient to show plaintiff's ownership.

2. SAME—RECEIPT TO MANUFACTURER—PRODUCTION—REASONABLE REQUIRE-MENT.

　　Where a merchant, who furnishes flour to a macaroni manufacturer, seeks to recover from a third person, to whom the manufacturer has turned over his business, certain macaroni which the merchant claims is his own, and it appears that the third person gave to the manufacturer a receipt for the property, to the merchant's knowledge, the third person's requirement that the receipt be produced before he accedes to the mer-chant's claim, is reasonable.

Appeal from municipal court, borough of Manhattan, First district.

Action by Arsen Arsene and others against Gennaro La Fermina. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Cornelius P. McLaughlin, for appellant.

Jacob Fromme, for respondents.

MacLEAN, J. The plaintiffs constituted the firm of Arsene & Son, flour merchants. The elder testified, against defendant's objec-

tion and exception, that a quantity of macaroni in boxes, broken macaroni, and paste belonged to the plaintiffs. This is about all the evidence of ownership in the case. The same witness also said that on November 6, 1901, he demanded the merchandise from the defendant, who said he would not deliver those goods without the production of a receipt given to one Schiaffino. On the 8th of November this action was begun for conversion. It resulted in a judgment for the plaintiffs for $341.48. It appeared upon the trial that the plaintiffs had furnished flour to Schiaffino, who, called by the defendant, testified that he was a manufacturer of macaroni, was working under a contract, and was accountable for the macaroni in question. It was not shown that this macaroni was made from flour which came from the plaintiffs. It further appeared that Schiaffino was indebted to the plaintiffs, who, it would seem, hoped for the assistance of the defendant in collecting their debt, upon Schiaffino's transferring his machinery and business. But the plant stood in the name of Mrs. Schiaffino, and she turned it over to Mr. La Fermina without any advice to the plaintiffs, who were disappointed. Also against objection and exception the plaintiffs introduced in evidence a judgment obtained by them November 26th against Schiaffino for $349.99. It is spoken of as a money judgment, but the roll is not returned, and the cause of action is not stated. The evidence adduced upon the trial was not sufficient to support the cause of action of the plaintiffs. Neither their money judgment nor their disappointment over La Fermina's conduct could transmit the title to the goods into their ownership. The request for the production of the receipt given to Schiaffino was not to be treated as an unreasonable condition. Arsene, the elder, seems to have been aware of, if not party to, the giving of the receipt. He was present at the transfer, or the first part of it. He testified there was conversation about the manufactured macaroni being left on the premises, and that it was to be left there; that Schiaffino was handing it over, and he was taking the receipt,—he took the receipt; then, later, that he first learned of the receipt when he made the demand; but he had said of his own volition that the machinery of the premises was being transferred that day, and the stock likewise was being transferred by Mrs. Schiaffino to Mr. La Fermina. This testimony he did not take back or qualify. Judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.